**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CARMEN PROSPER,

               Plaintiff,

         - v -

BRONXWORKS, INC., NAJEE BROWN and
OLIVIA COOLEY,

               Defendants.

Civil Action No.: 1:25-cv-4956

**COMPLAINT**

*Jury Trial Demanded*

Plaintiff Carmen Prosper ("Prosper"), by and through her undersigned attorneys, brings

this Complaint against Defendants BronxWorks, Inc. ("BronxWorks"), Najee Brown ("Brown")

and Olivia Cooley ("Cooley") and alleges as follows:

## PRELIMINARY STATEMENT

1.      This is an action for sexual assault, sexual harassment and retaliation in violation

of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e *et seq.*,

as well as violations of the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §

290 *et seq.*, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-

101 *et seq.*

## JURISDICTION, VENUE, AND PROCEDURAL REQUIREMENTS

2.      The Court has original jurisdiction over Prosper's federal claims pursuant to 28

U.S.C. §§ 1331, 1343.

3.      The Court has supplemental jurisdiction over Prosper's state and city law claims

pursuant to 28 U.S.C. § 1367 because those claims are so related to the federal claims that they

form part of the same case or controversy.

4.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §

1391 because a substantial part of the events or omissions giving rise to the claims occurred

there.

5.      All conditions precedent to filing the instant action have been fulfilled. On or

about October 28, 2024, Prosper submitted a timely Charge of Discrimination with the Equal

Employment Opportunity Commission ("EEOC"). On or about April 29, 2025, the EEOC issued

Prosper a Notice of Right to Sue, and this action is being brought within 90 days of Prosper's

receipt of the Notice of Right to Sue.

6.      Within 10 days of the commencement of this action, Prosper will provide notice

of this action to the New York City Commission on Human Rights and Corporation counsel,

pursuant to New York City Administrative Code § 8-502(c).

## PARTIES

7.      Plaintiff Prosper is a resident of the State of New York and a former Outreach

Specialist of BronxWorks.

8.      At all relevant times, Prosper was an "employee" of Defendants under all relevant

statutes.

9.      BronxWorks is a not-for-profit corporation registered in New York and permitted

to do business in New York.

10.     BronxWorks employed at least 15 employees throughout Prosper's employment.

11.     BronxWorks conducted business at 800 Barretto Street, Bronx, NY 10474, where

it employed Prosper.

12.     Defendant Brown was at all relevant times employed by BronxWorks as a

Program Director.

13.     Defendant Cooley was at all relevant times employed by BronxWorks as a

Program Director.

14.     Brown and Cooley had the ability to affect the terms and conditions of Prosper's

employment and did so by, among other things, assigning her work, overseeing her work,

evaluating her performance, and providing feedback.

15.     Upon information and belief, Brown resides in New York.

16.     Upon information and belief, Cooley resides in New York.

17.     At all relevant times, Defendants were Prosper's "employer" under all relevant

statutes.

## FACTUAL BACKGROUND

18.     In or about March 2024, BronxWorks offered Prosper the position of Outreach

Specialist.

19.     At all relevant times, Prosper had completed all required CPR training, Narcan

training, sexual harassment training, active shooter training, crisis prevention intervention

training, first aid/AED training, cultural awareness training, and opioid overdose prevention

training.

20.     Prosper worked from BronxWorks's 800 Barretto Street, Bronx, NY 10474

location.

21.     Prosper succeeded in her role and received positive performance evaluations.

22.     While Prosper was employed by BronxWorks, she never received any criticism or

negative feedback regarding her work performance.

23.     On or about August 14, 2024, Brown invited Prosper into his office to retrieve a

file for a client.

24.     Once they were alone in Brown's office, Brown locked the door and closed the

blinds.

25.     Brown told Prosper that her body was "amazing" and that he wanted to "shoot his shot" with her.

26.     When Prosper rejected his advances, Brown responded, "I wasn't asking for a relationship, I was asking if we could fuck."

27.      Prosper reiterated her refusal, telling Brown that his comments were inappropriate.

28.     Undeterred, Brown pulled out his penis and said, "come touch and suck it, I know you want to," causing Prosper to run out of the office.

29.     Brown's act of locking the door, closing the blinds, and exposing his penis placed Prosper in reasonable fear of imminent sexual assault.

30.      In or around late August 2024, Prosper reported the incident to her supervisor, Defendant Cooley, and filed a police report.

31.     Following her report, BronxWorks instructed Prosper not to report to work, discontinued her pay, and pressured her to accept a transfer to a position with less pay.

32.     After approximately two weeks, BronxWorks allowed Prosper to return to work.

33.     When Prosper returned, Cooley subjected her to increased scrutiny and differential treatment.

34.     For example, on Prosper's first day back at work, Cooley issued her a disciplinary write-up for her attire.

35.     Prosper wore the same attire previously without issue.

36.     Other employees regularly wore similar attire without facing disciplinary action.

37.     For the next month, Cooley wrote Prosper up for additional subjective infractions, such as having an attitude and talking back.

38.     In or around early November 2024, Prosper informed Cooley that she was getting surgery to treat a rotator cuff tear she sustained in an automobile accident and would need to use some of her sick and vacation time to recover.

39.     The rotator cuff tear impacted, among other things, Prosper's ability to perform manual tasks, lift, and reach overhead with her right arm. The injury caused her persistent pain.

40.     BronxWorks terminated Prosper's employment on November 13, 2024.

## FIRST CAUSE OF ACTION
### (Discrimination in Violation of Title VII)
#### *Against Defendant BronxWorks*

41.     Prosper repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth herein.

42.     BronxWorks demanded sexual favors through its supervisory agent Brown and, when Prosper refused, suspended her without pay, attempted to demote her, and ultimately discharged her.

43.     By conditioning the terms and continuation of Prosper's employment on acquiescence to sexual demands, BronxWorks subjected her to quid-pro-quo sexual harassment in violation of Title VII.

44.     Defendant subjected Prosper to this behavior based upon her membership in a protected class.

45.     As set forth in detail above and herein, BronxWorks discriminated against Prosper and subjected her to adverse employment actions including, but not limited to, terminating her employment.

46.     As a direct and proximate result of Defendant's unlawful employment practices, Prosper has suffered and continues to suffer damages, including lost earnings, lost benefits, other

financial loss, and emotional distress.

47.    Accordingly, Defendant discriminated against Prosper because of her gender, in violation of her rights under Title VII.

48.    Defendant's conduct has been intentional, deliberate, willful, malicious, reckless, and conducted in callous disregard of the rights of Prosper, entitling her to punitive damages.

## SECOND CAUSE OF ACTION
### (Hostile Work Environment in Violation of Title VII)
### *Against Defendant BronxWorks*

49.    Prosper repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth herein.

50.    Defendant's actions and comments against Prosper taken cumulatively subjected her to inferior terms, conditions or privileges of employment.

51.    BronxWorks did not remedy the hostile work environment despite Prosper's complaints.

52.    BronxWorks thereby discriminated against Prosper on the basis of her membership in a protected class by fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or to remedy a discriminatory environment.

53.    As a direct and proximate result of the unlawful discriminatory conduct carried out by BronxWorks, Prosper has suffered, and continues to suffer damages, including lost wages and benefits, and emotional distress for which she is entitled to an award of monetary damages and other relief.

54.    BronxWorks's conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Prosper, entitling her to punitive damages.

## THIRD CAUSE OF ACTION
### (Retaliation in Violation of Title VII)
#### *Against Defendant BronxWorks*

55.     Prosper repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth here.

56.     As set forth in detail above, Prosper engaged in activity protected under Title VII.

57.     BronxWorks was aware that Prosper opposed unlawful conduct and/or asserted her rights under Title VII.

58.     BronxWorks, unlawfully and without cause, retaliated against Prosper as a direct result of Prosper asserting her rights under Title VII by suspending her without pay, issuing pretextual write-ups, and ultimately discharging her.

59.     As a direct and proximate result of BronxWorks's unlawful employment practices, Prosper has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress.

60.     BronxWorks's conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Prosper, entitling her to punitive damages.

61.     Accordingly, BronxWorks retaliated against Prosper in violation of her statutory rights as guaranteed by Title VII.

## FOURTH CAUSE OF ACTION
### (Failure to Accommodate in Violation of the NYSHRL and NYCHRL)
#### *Against Defendant BronxWorks and Cooley*

62.     Prosper repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth here.

63.     When she requested an accommodation, Prosper was a disabled individual under

the NYSHRL and NYCHRL and was perceived by Defendants as being disabled.

64.    Defendants BronxWorks and Cooley were aware and on notice of Prosper's disability and need for medical leave.

65.    Prosper requested a reasonable accommodation for her disability.

66.    BronxWorks and Cooley failed to accommodate Prosper, refused to participate in any interactive discussion or cooperative dialogue, and terminated her employment.

67.    Prosper was qualified to perform the essential functions of her job.

68.    Accordingly, Defendants BronxWorks and Cooley discriminated against Prosper by virtue of failing to accommodate her known disability and need for medical leave, and failing to engage in an interactive process.

69.    BronxWorks and Cooley's conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Prosper, entitling her to punitive damages.

## FIFTH CAUSE OF ACTION
### (Discrimination in Violation of the NYSHRL)
*Against All Defendants*

70.    Prosper repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth here.

71.    BronxWorks demanded sexual favors through its supervisory agent Brown and, when Prosper refused, suspended her without pay, attempted to demote her, and ultimately discharged her.

72.    By conditioning the terms and continuation of Prosper's employment on acquiescence to sexual demands, Defendants subjected her to quid-pro-quo sexual harassment in violation of the NYSHRL.

73.     Prosper is a member of a protected class under the NYSHRL and was perceived by Defendants as such.

74.     Defendants subjected Prosper to this behavior based upon her membership in a protected class.

75.      As set forth in detail above and here, Defendants discriminated against Prosper and subjected her to adverse employment actions.

76.     As a direct and proximate result of the unlawful employment practices of Defendants, Prosper has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress.

77.     Accordingly, Defendants discriminated against Prosper because of her gender, disability and need for medical leave, in violation of her statutory rights as guaranteed by the NYSHRL.

78.     Defendants' conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Prosper, entitling her to punitive damages.

## SIXTH CAUSE OF ACTION
### (Hostile Work Environment in Violation of the NYSHRL)
### *Against All Defendants*

79.     Prosper repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth here.

80.     Defendants' actions and comments against Prosper taken cumulatively subjected her to inferior terms, conditions or privileges of employment.

81.     Defendants did not remedy the hostile work environment despite Prosper's complaints.

82.     Defendants thereby discriminated against Prosper on the basis of her membership

in a protected class by fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or to remedy a discriminatory environment.

83.     As a direct and proximate result of the unlawful discriminatory conduct carried out by Defendants, Prosper has suffered, and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress.

84.     Defendants' conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Prosper, entitling her to punitive damages.

### SEVENTH CAUSE OF ACTION
### (Retaliation in Violation of the NYSHRL)
### *Against All Defendants*

85.     Prosper repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth here.

86.     As set forth in detail above, Prosper engaged in activity protected under the NYSHRL.

87.     Defendants retaliated by subjecting Prosper to discrimination and adverse employment actions because of her protected activity in violation of Prosper's statutory rights.

88.     Defendants were aware that Prosper opposed unlawful conduct and asserted her rights under the NYSHRL.

89.     Prosper has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress.

90.     Defendants' conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Prosper, entitling her to punitive damages.

91.     Accordingly, Defendants retaliated against Prosper in violation of her statutory rights as guaranteed by the NYSHRL.

## EIGHTH CAUSE OF ACTION
### (Discrimination in Violation of the NYCHRL)
### *Against All Defendants*

92.    Prosper repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth here.

93.    BronxWorks demanded sexual favors through its supervisory agent Brown and, when Prosper refused, suspended her without pay, attempted to demote her, and ultimately discharged her.

94.    By conditioning the terms and continuation of Prosper's employment on acquiescence to sexual demands, Defendants subjected her to quid-pro-quo sexual harassment in violation of the NYCHRL.

95.    Prosper is a member of a protected class under the NYCHRL and was perceived by Defendants as such.

96.    As set forth in detail above and here, Defendants discriminated against Prosper in the terms and conditions of her employment by treating Prosper less well than her similarly situated coworkers.

97.    Defendants subjected Prosper to adverse employment actions because of her gender, disability and need for medical leave.

98.    As a direct and proximate result of the unlawful employment practices of Defendants, Prosper has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress.

99.    The conduct of Defendants has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Prosper, entitling her to punitive damages.

100.    Accordingly, Defendants discriminated against Prosper because of her gender, disability and need for medical leave, in violation of her statutory rights as guaranteed by the NYCHRL.

**NINTH CAUSE OF ACTION**
**(Hostile Work Environment in Violation of the NYCHRL)**
*Against All Defendants*

101.    Prosper repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth here.

102.    Defendants' actions and comments against Prosper taken cumulatively subjected her to inferior terms, conditions or privileges of employment.

103.    Defendants did not remedy the hostile work environment despite Prosper's complaints.

104.    Defendants thereby discriminated against Prosper on the basis of her membership in a protected class by fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or to remedy a discriminatory environment.

105.    As a direct and proximate result of the unlawful discriminatory conduct carried out by Defendants, Prosper has suffered, and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress.

106.    Defendants' conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Prosper, entitling her to punitive damages.

**TENTH CAUSE OF ACTION**
**(Retaliation in Violation of the NYCHRL)**
*Against All Defendants*

107.    Prosper repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth here.

108.    As set forth in detail above, Prosper engaged in activity protected under the NYCHRL.

109.    Defendants retaliated against Prosper by treating her less well than similarly situated employees and subjecting her to discrimination and adverse employment actions because of her protected activity in violation of the NYCHRL.

110.    Defendants were aware that Prosper opposed unlawful conduct and/or asserted her rights under the NYCHRL.

111.    Defendants, unlawfully and without cause, retaliated against Prosper as a direct result of Prosper asserting her rights and opposing unlawful conduct under the NYCHRL, which involved conduct reasonably likely to deter an individual from engaging in such protected activity.

112.    As a direct and proximate result of Defendants' unlawful employment practices, Prosper has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress.

113.    The conduct of Defendants has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Prosper, entitling her to punitive damages.

114.    Accordingly, Defendants retaliated against Prosper in violation of her statutory rights as guaranteed by the NYCHRL.

## ELEVENTH CAUSE OF ACTION
### (Aiding and Abetting in Violation of the NYSHRL and NYCHRL)
### *Against Defendants Brown and Cooley*

115.    Prosper repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth here.

116.    Defendants Brown and Cooley aided, abetted, incited, compelled, or coerced BronxWorks's unlawful conduct, including discrimination, failure to provide a reasonable accommodation, and retaliation, against Prosper by their conduct, action, and inaction, in violation of the NYSHRL and NYCHRL.

117.    Brown and Cooley were aware of their role as part of the unlawful activity and knowingly assisted BronxWorks in its violations of the NYSHRL and NYCHRL.

118.    As a direct and proximate result of Brown and Cooley's conduct, Prosper has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress.

119.    Brown and Cooley's conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Prosper, entitling her to punitive damages.

## TWELFTH CAUSE OF ACTION
### (Assault)
### *Against Defendant Brown*

120.    Prosper repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth here.

121.    When he isolated her in his office by locking the door and closing the blinds, made sexual comments about her body, and exposed his penis, Brown intentionally caused Prosper to reasonably apprehend imminent harmful or offensive physical contact.

122.    The conduct of Defendant Brown has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Prosper, entitling her to punitive damages.

## RELIEF

Plaintiff Carmen Prosper demands judgment in her favor and against Defendants BronxWorks, Inc., Najee Brown and Olivia Cooley as follows:

A.      An award of damages against Defendants, in an amount to be determined at trial, plus prejudgment interest, to compensate Prosper for all monetary and/or economic damages, including, but not limited to, past and future lost earnings;

B.      An award of damages against Defendants, in an amount to be determined at trial, plus prejudgment interest, to compensate Prosper for all non-monetary and/or compensatory damages, including, but not limited to, compensation for her emotional distress;

C.      An award of punitive damages, in an amount to be determined at trial;

D.      Prejudgment interest on all amounts due;

E.      An award of Prosper's reasonable attorneys' fees and costs to the fullest extent permitted by law; and

F.      Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Carmen Prosper demands a trial by jury on all issues so triable of right.

Dated: June 12, 2025
      New York, New York

                                          **RISSMILLER PLLC**

By:    */s/ Alex Rissmiller*
           Alex Rissmiller
           Jazly Liriano
           5 Pennsylvania Plaza, 19th Floor
           New York, NY 10001
           T: (646) 664-1412
           arissmiller@rissmiller.com
           jliriano@rissmiller.com

           *Attorneys for Plaintiff Carmen Prosper*